PSNH v. Portland Nat'l Gas et al.     CV-02-105-B    08/01/02

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE


**Public Service Company**
**of New Hampshire**

    **v.**                                      Civil No. 02-105-B
                                                Opinion No. 2002 DNH 146

**Portland Natural Gas &**
**Transmission, et al.**


### MEMORANDUM AND ORDER


Public Service Company of New Hampshire ("PSNH") allowed Portland Natural Gas Transmission System and Maritimes & Northeast Pipeline, L.L.C. (collectively "Pipeline Companies") to build segments of an interstate natural gas pipeline over land that PSNH either held easements in or owned outright. In exchange, the Pipeline Companies made preliminary payments to PSNH and agreed to commence an eminent domain action in this court if the parties could not agree on a final payment amount. PSNH filed this complaint for inverse condemnation and breach of contract after negotiations failed and the Pipeline Companies declined to commence the promised eminent domain action.

The Pipeline Companies now move to dismiss on the ground that the fee owners of the land subject to PSNH's easements are indispensable parties who cannot be joined without destroying the court's diversity of citizenship jurisdiction.

## I.

Federal Rule of Civil Procedure 19 determines when an action must be dismissed for failure to join an indispensable party. The rule mandates a "two-part inquiry." See United States v. San Juan Bay Marina, 239 F.3d 400, 405 (1st Cir. 2001). "First, the party must be a necessary party under Rule 19(a) and then it must be an indispensable party under Rule 19(b)." Id. (citation omitted). Rule 19(a) provides that to be a necessary party, "(1) in the person's absence, complete relief cannot be accorded among those already parties; or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to the substantial risk of incurring double, multiple or

otherwise inconsistent obligations by reason of the claimed interest."

The Pipeline Companies have the burden of persuasion on the issue. See Clinton v. Babbitt, 180 F.3d 1081, 1088 (9th Cir. 1999); Lenon v. St. Paul Mercury Ins. Co., 136 F.3d 1365, 1372 (10th Cir. 1998). They attempt to demonstrate that the fee owners are necessary parties by arguing generally that: (1) the court cannot determine the extent to which PSNH's easement rights have been infringed unless the fee owners are named as parties; (2) the fee owners have interests at stake which cannot be protected unless they are joined in the action; and (3) the Pipeline Companies will face the risk of multiple or inconsistent judgments if the fee owners are absent. None of these arguments is persuasive.

The Pipeline Companies have already constructed the pipeline and resolved the eminent domain claims of the underlying fee holders through a process of settlements and condemnation proceedings. The only issue that this action will determine is how much, if anything, PSNH should be paid for the Pipeline Companies' infringement of its property interests. The underlying fee holders are not needed as parties to determine the

extent of PSNH's easements. Nor do the fee holders have anything at stake in this action because their claims have already been resolved.[1] Finally, the Pipeline Companies are not exposed to the risk of multiple or inconsistent judgments because this action will only address the Pipeline Companies' infringement of PSNH's property interests, a subject that was not addressed in their now-concluded litigation with the fee owners. PSNH's claimed right to compensation for the infringement of its easement rights and the breach of its contract with the Pipeline Companies is unaffected by any payments that the Pipeline Companies may have made to underlying fee holders. Thus, the underlying fee holders do not qualify as necessary parties under Rule 19(a).

---

[1] Defendants' reliance on <u>Maritimes & Northeast Pipeline, L.L.C. v. 16.66 Acres of Land</u>, 190 F.R.D. 15, 19 (D. Me 1999) is misplaced. First, that court made only a cursory examination of whether the absent fee holders were necessary parties because both sides conceded the point. <u>See</u> <u>id.</u> Moreover, unlike in this case, the easement holder argued in <u>Maritimes</u> that the fee holders lacked the power to grant additional pipeline easements to the Pipeline Companies because they already had granted it easements over the property. <u>See</u> <u>id.</u> at 21. That argument is not being made in this case because PSNH recognizes that the Pipeline Companies have obtained valid easements from the fee holders. Thus, in pressing its claim for compensation, PSNH is not advancing arguments that in any way threaten the property rights of the underlying fee holders.

The Pipeline Companies' motion to dismiss (document no. 7) must be denied because I have determined that the absent fee holders are not necessary parties under Rule 19(a).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

August 1, 2002

cc: Stephen Roberts, Esq.
    Michael Ramsdell, Esq.